JS - 6

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                      CIVIL MINUTES -- GENERAL
```

Case No.  **CV 11-6105-VBF (MRWx)**                     Dated: **August 26, 2011**

Title:    Martha Bleeker v. Deutsche Bank National Trust Company, et al.

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

          Joseph Remigio                        None Present
          Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                          None Present


**PROCEEDINGS (IN CHAMBERS):**      COURT ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (DKT. #7); (2) REMANDING STATE LAW CAUSES OF ACTION; (3) CLOSING CASE

     Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing set for September 12, 2011 at 1:30 p.m. is vacated and the matter taken off calendar.

**I. RULING**

     The Court has received Defendant Deutsche Bank National Trust Company's, as trustee for registered holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NCR Mortgage Pass-Through Certificates, Series 2007-NC3 ("Defendant" or "Deutsche Bank as Trustee") Motion to Dismiss Plaintiff's Complaint (dkt. #7).  As of August 24, 2011, the Court has not received any opposing papers from Plaintiff, which were due on August 22, 2011. *See* L.R. 7-9; *see also* L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

     For reasons stated in the moving papers and set forth herein, the Court **GRANTS** the Motion to Dismiss without leave to amend with regard to Plaintiff's third cause of action, brought under the Truth in Lending Act ("TILA"). The Court declines to exercise jurisdiction over the remaining causes of action brought under state law, and the case is **REMANDED** to the Superior Court of California, County of Los Angeles VC059092. This action is **DISMISSED** with prejudice and all future calendar dates are **VACATED.**

                                   Initials of Deputy Clerk    jre

## II. BACKGROUND

On July 12, 2011, Plaintiff Martha Bleeker, pro se, filed the Complaint (dkt. #1, Ex. A) in California Superior Court against Defendants Deutsche Bank National Trust Company, Old Republic National Title, Saxon Mortgage Services, and DOES 1-50, inclusive. Plaintiff alleges: (1) wrongful foreclosure pursuant to Cal. Civ. Code § 2923.5, (2) negligence; (3) violation of the Truth In Lending Act ("TILA"); (4) violation of Cal. Bus. & Prof. Code § 17200; and (5) quiet title. Plaintiff's claims arise out of a trustee's sale on Plaintiff's alleged interest in real property located in Lakewood, CA. Plaintiff seeks an order quieting title, injunctive relief, an order directing the county sheriff to refrain from executing any lockout order with respect to the real property, pre-judgment interest, and attorney's fees and costs.

Defendant removed the case on July 25, 2011 (dkt. #1), alleging federal question jurisdiction based on Plaintiff's alleged violations of TILA, 28 U.S.C. § 1331, and supplemental jurisdiction for the state law claims. 28 U.S.C. § 1367. Defendant then filed a Motion to Dismiss on August 1, 2011 (dkt. #7), arguing, in part, with regard to Plaintiff's TILA claims that such claims are time barred.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the allegations in the complaint. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1947, 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. Mere conclusory statements or legal conclusions "are not entitled to the assumption of truth." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949.

## IV. LIMITATION OF TILA CLAIMS

Under TILA, an action for damages must be brought within one year of the alleged violation, measured from when the consumer became contractually committed. 15 U.S.C. § 1640(e). This one-year statute of limitations may be equitably tolled until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosure. *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).

However, when a plaintiff alleges no facts demonstrating that she

Initials of Deputy Clerk ___jre___

could have not discovered the alleged violations by due diligence, dismissal is appropriate. *Lingad v. Indymac Fed. Bank*, 682 F.Supp. 2d 1142, 1147 (E.D. Cal. 2010). Here, Plaintiff alleges she secured the Deed of Trust in December 2006 (Compl., ¶20), yet she did not file suit until July 12, 2011. Plaintiff states no facts in the Complaint that would demonstrate that violations could not have been discovered by due diligence. Because Defendant sufficiently demonstrates that the transaction was consummated more than a year before Plaintiff filed suit, and Plaintiff alleges insufficient facts to raise equitable tolling concerns, Plaintiff's action for damages under TILA is time barred.

Additionally, claims for rescission under TILA carry a three-year absolute limitation period. 15 U.S.C. § 1635(f); *King*, 784 F.2d at 913. Again, Plaintiff alleges she consummated the loan in December 2006 (Compl. ¶ 20), yet did not file suit until July 12, 2011. Thus, Defendant has shown that Plaintiff's claim for rescission under TILA is barred by the three-year limitations period.

Accordingly, the Court **GRANTS WITH PREJUDICE** Defendant's Motion to Dismiss with regard to Plaintiff's third cause of action brought under 15 U.S.C. § 1601 *et. seq.*, as the Court finds that amendment would be futile.

## IV. REMAINING STATE LAW CLAIMS

The Court may decline to exercise supplemental jurisdiction over state law claims where the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). This action was removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, citing claims under 15 U.S.C. § 1601, *et seq. See* Notice of Removal (dkt. #1). In light of this Order dismissing Plaintiff's third cause of action under TILA, the Court declines to exercise supplemental jurisdiction over the remaining claims in the Complaint and therefore **REMANDS** this action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3); 28 U.S.C. § 1447(c). Therefore, the case is **CLOSED.**

**IT IS SO ORDERED.**

Initials of Deputy Clerk  ___jre___